IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


| | | |
|---|---|---|
| VICI RACING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 10-835-SLR |
| | ) | |
| T-MOBILE USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |


**MEMORANDUM ORDER**

At Wilmington this ♩ᵗʰ day of March, 2013, having considered defendant T-Mobile USA, Inc.'s ("defendant") motion for approval of supersedeas bond and stay of execution of judgment and the papers submitted therewith;

IT IS ORDERED that said motion (D.I.145) is granted, as follows:

1. **Background.** On September 30, 2010, plaintiff VICI Racing, LLC ("plaintiff") filed a complaint for breach of contract relating to a sponsorship agreement for a sports car racing team. (D.I. 1) After a bench trial held May 21-24, 2012, the court entered judgment in favor of plaintiff in the amount of $7,000,000 and reasonable attorney fees and costs. (D.I. 142) On March 1, 2013, defendant timely filed a notice of appeal of this courts' opinion, order and judgment. (D.I. 144) The parties have agreed to the posting of a supersedeas bond and stay of the judgment pending appeal, but dispute the amount.

2. **Standard**. Rule 62(d) of the Federal Rules of Civil Procedure provides for a

stay by supersedeas bond, if an appeal is taken and the stay takes effect when the court approves the bond. "The purpose of the supersedeas bond under Rule 62(d) is to preserve the status quo during the pendency of an appeal and protect the winning party from the possibility of loss resulting from the delay in execution. The bond in whatever form should generally be sufficient in amount to satisfy the judgment, plus interest and costs." *Evergreen Community Power LLC v. Riggs Distler & Co., Inc.*, No. 10-728, 2012 WL 3781538 (E.D.Pa., Aug 31, 2012) (citations omitted).

3. **Discussion.** The parties have agreed to the stay and the posting of a bond. The court declines to analyze plaintiff's motion for attorney fees and costs at this juncture.[1] Further, the court did not consider pre-judgment interest in its opinion and declines to do so in this order.[2] The court awarded plaintiff an amount of $7,000,000.00. Factoring in pre- and post-judgment interest and reasonable attorney fees, the court finds that a $9,000,000.00 bond is sufficient to ensure that plaintiff is protected pending the Third Circuit's decision on appeal.

4. **Conclusion.** Based on the foregoing, defendant's motion is granted and defendant is ordered to post the bond forthwith.

_____
United States District Judge

---

[1]Plaintiff requests an initial Lodestar amount of $1,260,168 ($2,239,000 with multiplier) and costs of $136,905.45. (D.I. 143 at 11, 14) Defendant requests an award of attorney fees of $888,124.60 and costs of $2,186.25. (D.I. 152 at 20)

[2]Plaintiff requests $1,079,166 in pre-judgment interest. (D.I. 143 at 2, 14-15) Defendant does not dispute the amount. (D.I. 152 at 19)